UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEWITT GAMBLE, | : |
| | : |
| Plaintiff, | : Civil Action No. 13-6214 (FLW) (DEA) |
| | : |
| v. | : **REPORT AND RECOMMENDATION** |
| | : |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, | : |
| | : |
| Defendants. | : |

ARPERT, Magistrate Judge

This matter comes before the Court *sua sponte* based on Plaintiff's failure to comply with a Court Order to appear for an in-person conference and to otherwise prosecute this case. For the reasons set forth below, it is respectfully recommended that this matter be dismissed without prejudice.

I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his Complaint on October 18, 2013 against the New Jersey Department of Corrections ("DOC"). *See* Dkt. No. 1. Plaintiff, a thirty-year employee of the DOC, alleged that he was subjected to a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment on the basis of his race in violation of (1) 42 U.S.C. 1981 ("Section 1981"); (2) Title VII of the Civil Rights Act of 1984 ("Title VII"); and (3) the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff also alleges that he was subject to discrimination on the basis of a perceived disability in violation of the Americans with Disabilities Act ("ADA") and on the basis of his age in violation of the Age

1

Discrimination in Employment Act ("ADEA") and NJLAD.  On June 25, 2014, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [Dkt. No. 8], which was granted in part by the Court on October 15, 2014 [Dkt. No. 16].  Counts One, Four, and Six of Plaintiff's Complaint alleging violations of Section 1981, the ADA, and the ADEA were dismissed, and Counts Two, Three, Five, and Seven (Plaintiff's Title VII and NJLAD claims) were permitted to proceed.

Defendant answered the Complaint and the Court held an initial conference on February 11, 2015.  *See* Dkt. No. 17.  Shortly before the conference, Plaintiff advised the Court by letter that he would be retaining legal counsel.  Dkt. No. 16.  At the conference, Plaintiff requested additional time to obtain counsel, and the Court stayed the matter for 45 days.  In light of the stay, the matter was administratively terminated, subject to being reinstated to the Court's active docket on the written application of any party.  Dkt. No. 19.  On April 30, 2015, the Court held a status conference by telephone, and Plaintiff requested an additional 60 days to obtain counsel.  There being no objection from Defendant, the Court entered an Order extending the stay for an additional 60 days.  Dkt. No. 20.  That Order also directed that parties appear by phone for a status conference on June 29, 2015.

A few days before the conference, on June 26, 2015, defense counsel reached out to Plaintiff to remind him about the telephone conference, and Plaintiff requested an adjournment of the conference.  Dkt. No. 21.  The Court entered an Order rescheduling the conference to July 27, 2015 and directed the parties to appear in person on that date.

Plaintiff failed to appear before the Court on July 27, 2015.  Since that time, Plaintiff has not communicated in any way with the Court.  There has been no appearance of counsel on behalf of Plaintiff.

**II.     DISCUSSION**

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).  This authority has been further codified in Local Civil Rule 41.1(a), which provides:

> (a) Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party. . . .

Ordinarily, in deciding whether to impose an involuntary dismissal, the Court employs a six-factor balancing test.[1]  *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  However, where the dismissal is without prejudice, as is recommended below, the Court need not weigh the *Poulis* factors. *Choi v. Kim*, 258 F. App'x 413, 416-17, n.5 (3d Cir. 2007) (dismissal without prejudice does not operate as an adjudication on the merits).

It has been nearly a year since Plaintiff first requested that this matter be stayed because he was in the process of retaining counsel.  During that time he requested two extensions of the stay, at one point indicating that health issues were impeding his search for counsel.  However, despite both extensions being granted, no attorney has entered an appearance on Plaintiff's behalf, and Plaintiff has not requested that the matter be reopened to allow him to proceed *pro se*.  The Court has been unable to determine Plaintiff's intentions regarding pursuing his claims

---

[1] These factors include: "(1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

in this case, as Plaintiff failed to appear for the last status conference and has not been in contact with the Court since. Accordingly, the Court recommends that this matter be dismissed for failure to prosecute. There is some indication in the record that Plaintiff suffers from certain medical conditions. Although Plaintiff had not advised the Court that his health issues prevent him from prosecuting this action, out of an abundance of caution, the Court recommends that the dismissal be without prejudice.

### III.  CONCLUSION

For the reasons set forth above;

**IT IS** on this 21st day of January, 2016,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation; and it is further

**ORDERED** that the Clerk shall serve a copy of this Report and Recommendation on Plaintiff by first class mail.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge