UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEWITT GAMBLE**, : <br> : <br> Plaintiff, : <br> : <br> v. :    Civ. Action No.: 13-6214 (FLW) (DEA) <br> : <br> **NEW JERSEY DEPARTMENT OF** :    **ORDER** <br> **CORRECTIONS**, : <br> : <br> Defendant. : | |

**THIS MATTER** having been opened to the Court *sua sponte* by way of *pro se* Plaintiff Dewitt Gamble's ("Plaintiff") failure to comply with a Court Order to appear for an in-person conference, or otherwise prosecute this case; it appearing that the Honorable Douglas E. Arpert issued a Report and Recommendation dated January 22, 2016, recommending that the Court dismiss Plaintiff's Complaint without prejudice; it appearing that on February 18, 2015, Judge Arpert stayed this case to provide Plaintiff with additional time to secure counsel; it appearing that on May 1, 2015 Plaintiff requested and received a further extension of this stay for 60 days to obtain counsel; it appearing, further, that Judge Arpert adjourned a status conference scheduled for July 1, 2015 to July 27, 2015, to allow Plaintiff more time to obtain counsel; it appearing that Plaintiff failed to comply with Judge Arpert's Order and did not appear at the July 27, 2015 conference; it appearing that Plaintiff subsequently failed to communicate with the Court or otherwise prosecute this case; it appearing that Judge Arpert found that dismissal was appropriate, because Plaintiff did not appear before the Court on July 27, 2015 for the ordered status conference and failed to communicate with the Court in any way; it appearing that pursuant to L. Civ. R. 41.1(a) civil cases "which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution . . . unless good cause is shown with

the filing of an affidavit . . ."; it appearing that although typically when deciding whether to impose an involuntary dismissal courts employ the six-factor balancing test set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984), where, as here, a dismissal pursuant to L. Civ. R. 41.1(a) is made without prejudice, the court need not weigh these factors, *Choi v. Kim*, 258 F. App'x 413, 416-17, n.5 (3d Cir. 2007); it appearing that Plaintiff objects to the Report and Recommendation on the basis that he is still in the process of retaining an attorney in this matter, and that he allegedly provided a Ms. Jaqueline Tillman, Esq., with his case files a "few months ago," and is currently waiting for her to complete preliminary "administrative matters," *see* Pl.'s Letter of Objection; it appearing that Plaintiff has not supported his objection with his own sworn affidavit or the affidavit of his counsel; it appearing that his counsel has not entered her appearance before the Court; it appearing, moreover, that Plaintiff has not attempted to explain why he failed to comply with Judge Arpert's Order regarding the status conference or why he failed to contact the Court in the nearly six months following; it appearing that Judge Arpert properly applied Fed. R. Civ. P. 41(b) and L. Civ. R. 41.1(a); it appearing, further, that Plaintiff's letter of objection does not provide good cause why this matter should not be dismissed; it appearing that because the recommended dismissal is without prejudice, Plaintiff may file a new Complaint once he secures counsel or decides to proceed *pro se*; accordingly, for the reasons stated in Judge Arpert's Report and Recommendation and for the reasons set forth in this Order:

**IT IS** on this 7th day of March, 2016,

**ORDERED** that Judge Arpert's Report and Recommendation dated January 22, 2016 is hereby **ADOPTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.

/s/   Freda L. Wolfson
Freda L. Wolfson
United State District Judge

3